UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Thomas Branham, Sr.,** *et al.***,**

    Plaintiffs,

vs.                                          Case No. 05-CV-535
                                          Judge Gregory L. Frost
**Jack Gienger,** *et al.***,**                 Magistrate Judge Kemp

    Defendants.

## OPINION & ORDER

The motion for summary judgment filed by Defendants Jack Gienger ("Gienger"), Allison Terry ("Terry"), Chris Forshey ("Forshey"), and City of Pataskala ("Pataskala") is currently ripe for consideration. (Doc. # 17, Doc. # 20). The Court finds the motion to be well-taken and therefore **GRANTS** the same. (Doc.# 17).

## BACKGROUND

Plaintiff Thomas Branham, Sr. ("Branham") is an Ohio resident who founded Plaintiff Branham Sign Company, Incorporated ("Sign Company"). (Branham Aff. ¶ 3; Doc. # 1 ¶ 1). As the name indicates, the Sign Company creates large signs for businesses. (Branham Aff. ¶ 10; Doc. # 20 at 1-2). The Sign Company is located in Pataskala, Ohio and is therefore located within the jurisdiction of the Court. (Doc. # 1 at ¶ 2).

Gienger was Pataskala's code enforcement officer during the time relevant to the instant matter. (Gienger Aff. ¶ 2, 3). That position required Gienger to enforce Pataskala's Ordinances regarding "collection and storage of junk and other materials and debris on property that create[d] an unsightly condition or a nuisance or harbor for rats, rodents or insects or a health

1

hazard to the community." *Id.* at ¶ 3.

Terry is Pataskala's Director of Planning. (Terry Aff. ¶ 2). No job description is contained within her affidavit or motion. Terry is Gienger's supervisor. (Doc. # 1 ¶¶ 3, 11). Forshey is Pataskala's Chief of Police. (Doc. # 1 ¶ 3). Branham sues Gienger, Terry, and Forshey ("individual defendants") in their individual and official capacities. (Doc. # 1 ¶ 3).

The Sign Company often stored large or uncompleted signs in the land adjacent to the company's office due to lack of space inside the building. (Branham Aff. ¶ 10). On September 8, 2004, Gienger completed a criminal complaint ("Pataskala Complaint") against "Thomas E. Branham-Branham Sign Co. Inc." in the Pataskala Mayor's Court. (Rox Aff. Ex. 1). The Pataskala Complaint stated that on August 4, 2004:

> Thomas E. Branham-Branham Sign Co. Inc. did unlawfully maintain junk drums, crates, wood, boxes, papers, trash, plastic, metal, motor vehicle parts, manufacturing waste or by-products so as to create an unsightly condition or to create a nuisance or create a harbor for rats or rodents or insects or create a health hazard to the community contrary to section 521.12(b), Pataskala City Ordinance, a misdemeanor of the minor degree. This crime is commonly known as junk yard and collection center prohibited.

*Id.* The Complaint and Summons ordered Branham to appear in the Pataskala Mayor's Court on October 10, 2004. *Id.* That document indicated that Brenda Rox ("Rox"), the Clerk of the Mayor's Court, mailed the Complaint and Summons to Branham by certified mail. *Id.* The certified mail return receipt indicated that the document was received on September 22, 2004. (Rox Aff. ¶ 4).

October 10, 2004 was a Sunday; consequently, the Mayor did not conduct court that day. (Branham Aff. ¶ 8). However, the Mayor did conduct Court on October 1, 2004 and Branham did not appear. (Rox Aff. ¶ 7). As such, Magistrate John Berryhill ("Berryhill") issued a

warrant for Branham's arrest. *Id.*

Pataskala police contacted Branham's family member when attempting to locate Branham to execute the warrant. (Branham Aff. ¶ 12). When Branham learned of the warrant, he contacted Forshey. *Id.* at ¶ 13. The next day, December 21, 2004, Berryhill vacated the warrant and Branham was not arrested. (Rox Aff. ¶ 8 & Ex. 5).

Branham filed the instant Complaint on June 1, 2005. (Doc. # 1). He asserts claims against Gienger, Terry, Forshey, and Pataskala. *Id.* Specifically, Branham asserts that the Defendants violated 42 U.S.C. § 1983 by violating his rights to due process, equal protection, and freedom from cruel and unusual punishment. *Id.* Branham also maintains that Pataskala City Ordinance 521.12(b) is void for vagueness under the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* Lastly, Branham asserts a state law malicious prosecution claim. *Id.* Defendants deny each of Branham's claims and move for full summary judgment. (Doc. # 17).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).  However, in ruling on a motion for summary judgment, "a district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."  *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

## DISCUSSION

**I.     SECTION 1983 CLAIMS**

At the outset, the Court is compelled to comment upon the parties' absolute failure to mention the statute at issue, discuss the elements necessary for establishing claims under that statute, and to analyze applicable case law.  (Doc. # 17, Doc. # 20). The parties would be well-advised to include such content in future filings with this Court.

The Plaintiffs' first three claims are based upon Section 1983.  That section provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

> citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, . . . .

42 U.S.C. § 1983. To state a claim upon which relief can be granted under § 1983, Branham must show that "(1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory." *Kottmyer v. Maas*, No. 05-3033, 2006 U.S. App. LEXIS 1075, at *6 (6th Cir. Jan. 18, 2006) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982)).

Although Branham fails to allege that the individual defendants were acting under color of law, it is clear to the Court that they were so acting during the events in question. Each of the individual defendants is or was an employee of Pataskala during the relevant time period. Gienger issued the Pataskala Complaint under Pataskala City Ordinance 521.12(b) in his role as the city's code enforcement officer. Terry, as Gienger's supervisor, apparently approved the complaint. (Doc. # 1 ¶ 11). Lastly, Forshey "ordered various Pataskala police officers to begin looking for" Branham once the warrant was issued. (Doc. # 1 ¶ 28). As such, the Court must now determine if the Defendants deprived the plaintiffs of a federal right, either constitutional or statutory.

    **A.    DUE PROCESS**

Branham's first claim alleges that Gienger, Terry, and Pataskala deprived him of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution because Pataskala's Complaint should have been against the Sign Company and not him as an individual. (Doc. # 1 ¶¶ 34, 36, 39). Specifically, Branham avers that "[a]n individual officer,

5

director or shareholder is not criminally liable for the alleged crimes of the corporation by virtue of their relation to it, except for extraordinary circumstances not present in this case.  The law in Ohio is clearly established:  a corporation is considered a person for lawsuit purposes." *Id.* at ¶ 37.  Gienger, Terry, and Pataskala respond that Ohio law does allow Branham to be named in Pataskala's complaint.  (Doc. # 20 at 4-5).

Branham does not delineate whether he believes that the action at issue–the filing of the Pataskala Complaint that listed him as a defendant–deprived him of his substantive or procedural due process rights, so the Court will examine both of those aspects.  (Doc. # 1, Doc. # 20).

### 1. Fourteenth Amendment

Section 1 of the Fourteenth Amendment provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The elements of a procedural due process claim are (1) deprivation of a protected interest (2) without appropriate procedural safeguards.  *See Midkiff v. Adams County Regional Water Dist.*, 409 F.3d 758, 762-63 (6th Cir. 2005).  *See also Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).  Here, Plaintiffs do not even allege that Gienger, Terry, and Pataskala deprived them of a protected interest.  (Doc. # 1, Doc. # 20).  Indeed, that would be impossible because the warrant was cancelled and the Pataskala Complaint was dismissed.  (Doc. # 1 ¶ ¶ 30, 31).  Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiffs' § 1983 procedural

due process claim, to the extent that such a claim was raised.

Substantive due process has been defined as "[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir.1992) (internal quotation marks and citation omitted). "Substantive due process claims may be loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.'" *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir.1997). The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994). As a general matter, federal courts have "been reluctant to expand the concept of substantive due process because the guideposts for responsible decision-making in this unchartered area are scarce and open-ended." *Id.* at 271-72.

In the case at bar, the conduct of Gienger, Terry, and Pataskala does not shock the conscience, nor does it fall into any of the categories typically protected by substantive due process. Consequently, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiffs' § 1983 substantive due process claim, again to the extent that such a claim has been asserted.

### 2. Fifth Amendment

The Fifth Amendment's Due Process Clause applies to the federal government. *Wesaw v. City of Lancaster*, No. 2:05cv0320, 2005 U.S. Dist. LEXIS 36691, at * 7-8 (S.D. Ohio 2005) (*citing Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir.1981). *See also Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)). The Plaintiffs herein do not assert any claims against the

federal government. The Court therefore **GRANTS** the Defendants' motion for summary judgment on the Plaintiffs' Fifth Amendment § 1983 claim. (Doc. # 17).

### B. EQUAL PROTECTION

Next, Plaintiffs assert that Gienger, Terry, and Pataskala violated their rights to equal protection by selectively enforcing Pataskala Codified Ordinance 521.12(b). (Doc. # 1 ¶¶ 41-46). Plaintiffs assert in their Complaint that Pataskala did not target "similarly-situated businesses" for violations of the Ordinance. Gienger, Terry, and Pataskala surprisingly refer to the law and counter that summary judgment is appropriate because Plaintiffs fail to assert and prove that they are a member of a protected class. (Doc. # 17 at 5-6).

The Equal Protection Clause guarantees that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Trihealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005). Plaintiffs proceed here under the "similarly situated" guarantee, and Defendants' "protected class" argument thus minimally relevant.

Branham asserts that Gienger, Terry, and Pataskala intentionally treated him differently without any rational basis for doing in two ways. First, Branham argues that Gienger, Terry, and Pataskala did not target similarly situated businesses. (Doc. # 1 ¶ 42). Second, Branham maintains that "other complaints against corporations by the City of Pataskala did not also name one of the corporation's shareholders or directors in the [c]omplaint." *Id.* at ¶ 44.

Regarding the first prong of Plaintiffs' equal protection claim, the Sixth Circuit held:

There is no right under the Constitution to have the law go unenforced against you, even if you are the first person against whom it is enforced, and even if you think (or can prove) that you are not as culpable as some others who have gone unpunished. The law does not need to be enforced everywhere to be legitimately enforced somewhere; and prosecutors have broad discretion in deciding whom to prosecute.

*Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056 (6th Cir. 1996) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)).  This holding squarely rejects Plaintiffs' first contention.

Branham faces the same fate with respect to the second aspect of his equal protection claim. Branham argues that Gienger, Terry, and Pataskala placed his name on Pataskala's Complaint to target him "for his rights.  Thomas Branham is noted for his voice in the community against oppressive government.  His name appears on more than one case in the county court system.  This is what got him into trouble."  (Doc. # 20 at 7).  Those statements indicate that Branham is alleging a type of selective prosecution known as vindictive prosecution.  "Vindictive prosecution" is prosecution to deter or punish the exercise of a constitutionally protected right. *Futernick*, 78 F.3d at 1056.  To succeed on a vindictive prosecution claim, the plaintiff must show: (1) the he exercised a protected right; (2) the prosecutor's "stake" in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the intent to punish the plaintiff for exercise of the protected right. *Id.  See also United States v. Hazel*, 696 F.2d 473 (6th Cir. 1983).

The state court lawsuits with which Branham is apparently affiliated presumably involve Pataskala and its employees. "Selective enforcement intended to discourage or punish the

9

exercise of a constitutional right, especially the right to criticize the government, is sufficient basis for § 1983 relief." *Futernick*, 78 F.3d at 1057. However, Plaintiffs fail to mention the "stake" Gienger, Terry, and Pataskala have in Branham's exercise of his right to criticize the government. (Doc. # 20). Assuming, arguendo, the stake at issue is the ability to dissuade Branham from pursuing existing lawsuits or instigating new litigation against Pataskala and its employees, Branham has failed to produce any evidence the conduct of Gienger, Terry, and Pataskala is unreasonable or that the intent of those individuals in initiating the Pataskala Complaint was to punish Branham for exercising the protected right at issue. *Id.* Indeed, Terry's affidavit directly contradicts that aspect of Branham's burden. (Terry Aff. ¶¶ 3-5). As a result, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiffs' § 1983 equal protection claim.

      C.      **CRUEL AND UNUSUAL PUNISHMENT**

The last aspect of Plaintiffs' § 1983 claim involves the Eighth Amendment to the United States Constitution. Branham asserts that Gienger, Terry, Forshey, and Pataskala violated his right to be free from cruel and unusual punishment by filing the Pataskala complaint against him "for a corporation's activities." (Doc. # 1 ¶ 48).

The Eighth Amendment forbids the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Branham was not arrested and the complaint against him and the Sign Company were dropped. Because the Sixth Circuit held "the Cruel and Unusual Punishments Clause is concerned with punishment by the state after it has secured a formal adjudication of guilt in accordance with due process of law," the Eighth Amendment is inapplicable in the

present instance. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (internal quotations and citation omitted) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)).

Branham's Complaint also references the Fourteenth Amendment with respect to its cruel and unusual punishment claim. (Doc. # 1 ¶ 50). The Due Process Clause of the Fourteenth Amendment operates to prohibit pretrial detainees from suffering such punishments. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (citing *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). Notably, in the case *sub judice*, Branham was never arrested and therefore was never detained. The Court therefore **GRANTS** Defendants' motion for summary judgment on Branham's § 1983 Eighth Amendment claim.

## II. CONSTITUTIONALITY OF PATASKALA CODIFIED ORDINANCE 521.12(b)

Plaintiffs assert that Pataskala Codified Ordinance 521.12(b) is unconstitutionally vague. (Doc. # 1 ¶ 60). Defendants predictably respond that the ordinance provides individuals of ordinary intelligence with reasonable notice of what is prohibited. (Doc. # 20 at 7).

The ordinance under attack states as follows:

> No junk, drums, crates, wood, boxes, papers, trash, plastic, metal, motor vehicle parts, manufacturing waste or by-products so as to create an unsightly condition or to create a nuisance or create a harbor for rats or rodents or insects or create a health hazard to the community shall be maintained.

Plaintiffs only take issue with "unsightly." (Doc. # 1 ¶ 57). According to Plaintiffs, that term is not defined; therefore, the ordinance is unconstitutional for vagueness. *Id.*; *see also* Doc. # 20 at 9.

A law must "give the person of ordinary intelligence a reasonable opportunity to know

11

what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). To that end, an enactment is void for vagueness if its prohibitions are not clearly defined. *Id.* However, the Supreme Court has explained "condemned to the use of words, we can never expect mathematical certainty from our language." *Id.* at 110.

With those guidelines in mind, the Court concludes that, although "unsightly" may not be defined with "meticulous specificity, . . . it is clear what the ordinance as a whole prohibits." *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 798 (6th Cir. 2005) (quoting *Grayned*, 408 U.S. at 110). The challenged term is "commonly used in both legal and common parlance, and is thus sufficiently clear so that a reasonable person can understand its meaning." Thus, the Court concludes that the ordinance is not unconstitutionally vague. Defendants' motion for summary judgment on Plaintiffs' Pataskala Codified Ordinance 521.12(b) claim is therefore **GRANTED**. (Doc. # 17).

### III. MALICIOUS PROSECUTION

Plaintiffs' final claim is for malicious prosecution under Ohio law. (Doc. # 1 ¶ ¶ 61-68). Having dismissed all of Plaintiffs' federal claims, the Court declines to exercise jurisdiction over this claim and **REMANDS** the matter to the Licking County, Ohio Court of Common Pleas for consideration pursuant to 28 U.S.C.S. § 1367.

### IV. PLAINTIFFS' EVIDENTIARY OBJECTIONS

Plaintiffs argue that the Defendants failed to authenticate numerous documents that were attached to their motion for summary judgment. (Doc. # 20 at 7, 9). Plaintiffs apparently move the Court to strike those documents from the record. The Court declines to do so in light of the fact that the Court did not consider those documents in reaching its decision on the Defendants'

motion for summary judgment.

Plaintiff also moves the Court to strike an attachment to Brenda Rox's affidavit that includes Branham's Social Security Number and date of birth. (Doc. # 20 at 7). Southern District of Ohio Civ. R. 26.2(a) is instructive on this matter. That rule provides "[p]arties shall omit, or where inclusion is necessary, partially redact from court filings, social security numbers, full dates of birth, ... or other personal information which might contribute to identity theft." The attachment in question contains Branham's social security number as well as his date of birth. Thus, the Court **ORDERS** the Clerk to redact that information from that document and replace the original document with the redacted copy. The Clerk shall destroy the original attachment.

## CONCLUSION

Branham's motion to strike is **DENIED** in part and **GRANTED** in part. (Doc. # 20 at 7, 9). Defendants' motion for summary judgment is **GRANTED**. (Doc. # 17). Branham's state law malicious prosecution claim is **REMANDED**.

The Clerk is **ORDERED** to enter judgment accordingly and to terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division at Columbus.

**IT IS SO ORDERED.**

                                **/s/   Gregory L. Frost**
                                **GREGORY L. FROST**
                                **UNITED STATES DISTRICT JUDGE**